## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| WILLIS RAY WALKER, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:19-CV-1072-HAB |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Brief in Support of his Request for Review and Remand of the Commissioner of Social Security's Final Decision (ECF No. 12). Defendant Andrew Saul, Commissioner of Social Security (the "Commissioner"), has responded (ECF No. 15), and Plaintiff has submitted a reply (ECF No. 16). Plaintiff's brief is now ripe for review.

**A.    Procedural History**

On August 31, 2016, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on October 15, 2015. The application was denied initially and on reconsideration. Plaintiff filed a written request for hearing on April 21, 2017. Consistent with that request, a video hearing was held on July 17, 2018, before Administrative Law Judge Genevieve Adamo.

On December 12, 2018, the ALJ issued her Decision (R. 15–26) determining that Plaintiff was not disabled. Plaintiff sought review from the Appeals Council, which request was denied. The Appeals Council's denial was a final decision for the purposes of judicial review. Thereafter, Plaintiff initiated her action in this Court through the filing of his Complaint (ECF No. 1).

**B.     Legal Analysis**

**1.     *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected,"

*Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.    *The ALJ's Decision***

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 15, 2015. At step two, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis of the bilateral hips; degenerative disc disease of the lumbar spine; diffuse osteoarthritis including the hands; and obesity. The ALJ also found that Plaintiff suffered from panic disorder without agoraphobia as a non-severe impairment.

At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (R. 19). Specifically, the ALJ considered listings 1.02 and 1.04. At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that he can occasionally push and/or pull with the bilateral lower extremities; and occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; but never climb ladders, ropes, or scaffolds. The claimant can tolerate occasional exposure to wetness and extreme cold, but he must avoid unprotected heights and dangerous moving machinery. He can perform frequent handling and fingering, and he requires a sit stand option after 30 minutes.

(R. 20). Considering this RFC, the ALJ found that Plaintiff could not perform any past relevant work. However, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, and therefore was not disabled.

**3.     *The ALJ Erred by Failing to Include Any Restrictions in the RFC related to Plaintiff's Non-Severe Impairment***

Plaintiff raised several allegations of error, but the Court finds one to be dispositive. The parties dispute whether Plaintiff's panic attacks were a severe or non-severe impairment. Regardless, the RFC lacks adequate support in the record to be upheld because the RFC makes no accommodation whatsoever for the demonstrable medical impairment.

When determining the RFC, the ALJ "must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of

4

evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). The regulations provide that if a claimant has more than one impairment, "[w]e will consider all of your medically determinable impairments of which we are aware," including those impairments that are not severe, in assessing the RFC. 20 C.F.R. § 404.1545(a)(2).

The existence of Plaintiff's panic disorder is undisputed. Dr. Snyder, a state agency psychological consultant, noted Plaintiff's "extreme panic attacks" and the fact that he took medication to address his anxiety. (R. 436). Dr. Snyder diagnosed Plaintiff with panic disorder without agoraphobia. (R. 439). The ALJ gave Dr. Snyder's opinion "significant weight." (R. 19). Due to the panic disorder, the ALJ found that Plaintiff had "mild" limitations in understanding, remembering, or applying information; interacting with others; and concentration, persistence, and pace. (R. 18).

After step two, there is no reference to Plaintiff's mental disorder at all. Despite the uncontested evidence and her own findings, the ALJ included no limitation in the RFC to account for the panic disorder nor any explanation as to why the RFC omitted any reference to the panic disorder. Accordingly, the Court cannot assure itself that the ALJ took this medically determinable limitation into account in formulating the RFC. The ALJ, then, failed to build the necessary logical bridge, and remand is necessary.

**C.     Conclusion**

For the foregoing reasons, the ALJ's Decision is REVERSED and REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on January 11, 2021.

                                         s/ *Holly A. Brady*
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT